Balvir SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–74323.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 23, 2009.*

Filed March 9, 2009.

Indra M. Gandhi, Woodland Hills, CA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, HAWKINS and GOULD, Circuit Judges.

MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order dismissing petitioner's appeal from an immigration judge's decision denying petitioner's application for cancellation of removal, and denying petitioner's motion to remand to seek adjustment of status.

■ We have reviewed the response to the court's order to show cause, and we conclude that petitioner has failed to raise

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

a colorable constitutional or legal claim to invoke our jurisdiction over the agency's hardship determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926 (9th Cir. 2005); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, the court dismisses this petition for review in part for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

█ We review for abuse of discretion the denial of a motion to remand. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). We summarily deny the petition for review in part because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard). As the BIA found, petitioner has not established prima facie eligibility for adjustment of status through his wife because petitioner has not established that his wife meets Section 245(i)'s physical presence requirement. *See* 8 C.F.R. § 245.10(a)(1)(ii) ("If the qualifying . . . application for labor certification was filed after January 14, 1998, the alien must have been physically present in the United States on December 21, 2000.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.